UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES HAMBRICK and DENISE HAMBRICK,  )<br>) <br>Plaintiffs )<br>)<br>v. )<br>)<br>HAMID MASHHOON, *et al.*, )<br>)<br>Defendants ) | <br><br><br><br>No. 3:14-1052<br>Judge Trauger/Bryant<br>**Jury Demand** |

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Defendants Charles Kaelin and Marcus French have filed their motion to dismiss based upon the statute of limitations and Plaintiffs' alleged failure to state a claim upon which relief can be granted (Docket Entry No. 9). Plaintiffs, who are proceeding *pro se*, have not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motion be GRANTED and the complaint DISMISSED against Defendants Kaelin and French.

### STATEMENT OF THE CASE

This case arises out of an option contract to purchase certain real property owned by Plaintiffs James and Denise Hambrick on Posey Hill Road in Mount Juliet, Wilson County, Tennessee. Plaintiffs assert claims against Defendants Kaelin and French under theories of breach of contract, breach of fiduciary duties and good faith, and promissory fraud (Counts I, II and VII).

**SUMMARY OF PERTINENT FACTS**

According to the complaint, in early 2006 Defendant CRK Real Estate, LLC, then owned solely by Defendant Kaelin and represented by its agent, Defendant French, approached the Hambricks and proposed an agreement regarding the Hambricks' home and land located on Posey Hill Road near Mount Juliet, Tennessee. Following negotiations, the Hambricks entered into the Option to Purchase Real Estate ("the Agreement") with Defendant CRK on February 18, 2006. A copy of this Agreement is included as an exhibit to the complaint (Docket Entry No. 1-1 at 39-46).

Summarizing the pertinent provisions, the Agreement provides that, in consideration for a payment of $25,000, the Hambricks granted to CRK the option – but not the obligation – to purchase their Posey Hill Road property for a purchase price of $660,000. The term of this option was two years from the date of execution, February 18, 2006. The Agreement also provided: "In the event [CRK] sells the Property for more than Six Hundred Sixty Thousand Dollars ($660,000), [CRK] shall pay to the [Hambricks] one-half (½) of the excess less expenses at the time of closing of such sale." (*Id*. at 39). The Agreement provided that CRK could exercise its option to purchase the Hambrick property by providing written notice of its election to do so to the Hambricks on or before the expiration of the two year option period (*Id*. at 41). The Agreement allowed the Hambricks to retain possession of the

2

property for a period of one year after the closing so long as they maintained insurance on the home and its contents (*Id*.). Finally, the Agreement contained the following provision in paragraph 14: "Assignment. This Agreement may be assigned by (CRK)." (*Id*. at 41).

It appears undisputed that CRK never exercised this option to purchase the Hambrick property under the terms of the Agreement, and that the option therefore expired two years after its execution, on or about February 18, 2008.

The Hambricks allege that "on or around July or August of 2006," or "sometime prior to October of 2006," Defendant French "represented to the [Hambricks] that [CRK] promised to exercise its option to purchase the Hambrick property in October of 2007 but then subsequently failed to do so despite having the financial resources in hand . . . ." (*Id*. at 20). The Hambricks assert that in reliance on this representation by Defendant French, they located and purchased a new home. Later, after CRK declined to exercise its option to purchase their Posey Hill Road property, the Hambricks sold the property to Defendant RM Wilson County Investor, LLC for the amount of $500,000, or $160,000 less than the option price contained in their option Agreement with CRK.

The Hambricks maintain that they have recently met Mr. Jay Wilfong, who owned property near the Hambricks' Posey Hill Road property. The Hambricks claim that in March 2014 they learned through Wilfong of certain transactions that occurred in September

2006 by which Defendant Kaelin, on behalf of CRK, conveyed property owned by CRK, including the option to purchase the Hambricks' Posey Hill Road property, to RM Wilson County Investor, LLC, of which Defendants Hamid Mashhoon and Carol Perrin were members (Docket Entry 1-1 at 12).

Plaintiffs have attached as an exhibit to their complaint a copy of a document entitled "Option Agreement and Escrow Instructions" dated September 25, 2006, between CRK and RM Wilson County Investor, LLC (Docket Entry No. 1-1 at 94-107). In summary, CRK in this agreement grants to RM Wilson County Investor LLC an option to purchase certain property of CRK, including both owned land, land under sales contracts, and land under options to purchase. This agreement grants to RM the option – but not the obligation – to purchase some or all of the included property of CRK. Paragraph 1.4 of this agreement provides in pertinent part: "To the extent that all or any portion of the Optioned Land is included among the Property that [RM] intends to purchase, [CRK] agrees that it shall exercise its option with respect to such Optioned Land and acquire fee title to such Optioned Land prior to the close of the Escrow (as defined below)." (Docket Entry No. 1-1 at 95).

The Hambricks also have included as an exhibit to their complaint the "Amended and Restated Operating Agreement of CRK Real Estate LLC" also dated September 25, 2006 (Docket Entry No. 1-2 at

4

14-64). By this agreement, Defendant Kaelin admitted RM Wilson County Investor, LLC as an additional member of CRK in consideration of a capital contribution paid by RM to CRK. Paragraph 3.8 of this agreement grants to RM the sole right to determine whether CRK should exercise any or all of the options that are exercisable by their terms on or after January 1, 2008, and that will lapse if unexercised (Docket Entry No. 1-2 at 27).

The Hambricks allege that these transactions between CRK and RM, which were not disclosed to them, amount to a breach of their option Agreement with CRK and a breach of fiduciary duties and good faith owed to them by CRK, Kaelin and French, as well as promissory fraud.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. *Id.* Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 556 (2007). He must plead well enough so that his complaint is more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

While a *pro se* complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "basic pleading essentials" still apply. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would 'require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of advocate seeking out the strongest arguments and most successful strategies for a party.'" *Dixie v. Ohio*, 2008 WL 2185487, at *1 (N.D. Ohio May 23, 2008) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**ANALYSIS**

As stated above, Plaintiffs Hambrick have not filed a response in opposition to Defendants' motion to dismiss. Nevertheless, a district court cannot grant a motion simply because the adverse parties have not responded. The Court is required, at a minimum, to examine the movants' motion to dismiss to insure that they have discharged their burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The Hambricks' claim against Defendants Kaelin and French derives from, and must be analyzed by reference to, the terms of the Agreement dated February 18, 2006, between the Hambricks and CRK Real Estate, LLC (Docket Entry No. 1-1 at 39-46). The operative provisions of this Agreement are contained in 17 numbered paragraphs occupying approximately 4½ pages of text.

According to the Agreement, in exchange for a payment to Mr. and Mrs. Hambrick in the amount of $25,000, the Hambricks granted to CRK an exclusive option to purchase the Hambricks' Posey Hill Road Property at a purchase price of $660,000 for a period of two years from the date of the Agreement. Significantly, the Agreement contains no provision requiring CRK to market the property to any third party or to exercise the option at any time.

Paragraph 14 granted CRK the express right to assign the option contract. Paragraph 16 of the Agreement contains a standard "integration clause," which states as follows: "This Agreement

7

constitutes the sole and entire agreement between the parties, and no modification hereof shall be binding unless attached hereto and signed by each party to this Agreement."

Courts are required to enforce a contract as written according to its plain terms, and are precluded from making a new contract for the parties by adding or deleting provisions. *Captain D's Realty, LLC v. EP-D, Ltd.*, 2013 WL 1803741 at *7-8 (Tenn. Ct. App., Apr. 30, 2013). It is widely held that courts may not imply additional terms in a contract or agreement where none clearly exists. *Werner v. Progressive Preferred Ins. Co.*, 310 Fed. Appx. 766, 769 (6th Cir. 2009). Moreover, in Tennessee, the parol evidence rule does not permit contracting parties to use extraneous evidence to alter, vary or qualify the plain meaning of an unambiguous written contract. *Dick Broad Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 672 (Tenn. 2013).

In Count I of their complaint, the Hambricks allege that Defendants Kaelin and French "knowingly breached the provisions of CRK's contract with the Plaintiffs to utilize good faith efforts to resell Plaintiffs' subject property for a full two year period of time . . . ." (Docket Entry No. 1-1 at 15). Contrary to this claim, the undersigned Magistrate Judge finds that the terms of the parties' Agreement failed to contain any provisions requiring these Defendants or CRK "to utilize good faith efforts to resell Plaintiffs' subject property." This count further alleges that

8

these Defendants breached their Agreement with the Hambricks by seeking to transfer ownership and control of CRK land holdings to another. However, the terms of the Agreement do not prohibit such a transfer and, in fact, explicitly authorize CRK to assign the Agreement. In summary, the undersigned finds that the explicit terms of the Agreement do not impose upon Defendants Kaelin or French the alleged duties that the Hambricks claim were breached in Counts I and II.

In Count VII, the Hambricks allege promissory fraud against Defendants Kaelin and French. According to the complaint, Plaintiffs allege that "sometime prior to October of 2006," Defendant French "represented to the Plaintiffs that [CRK] promised to exercise its option to purchase the Hambrick property in October of 2007 but then subsequently failed to do so despite having the financial resources at hand . . . ." (Docket Entry No. 1-1 at 20). The Hambricks assert that in reliance upon this "promise" by Defendant French they purchased a new home, requiring them to pay two mortgage notes.[1]

The undersigned Magistrate Judge finds that this claim fails to state a claim for promissory fraud for at least two reasons. First, the complaint contains no allegation that Defendant

---

[1] The urgency and reasonableness of purchasing a second home appears questionable in light of paragraph 7 of the Agreement, which grants the Hambricks the right to retain possession of the property for a year after closing of a sale, provided they maintained insurance on it.

French, when he allegedly represented "some time prior to October of 2006" that CRK would exercise its option to purchase the Hambricks' property over a year later in October 2007, knew that CRK had no intention to do so. This is an essential element of a claim of promissory fraud. *Stacks v. Saunders*, 812 S.W.2d 587, 592-93 (Tenn. Ct. App. 1990).

In addition, the undersigned finds that this claim by Plaintiffs conflicts with the integration clause found in paragraph 16 of the Agreement. The first sentence of paragraph 16 states: "This Agreement constitutes the sole and entire agreement between the parties, and no modification hereof shall be binding unless attached hereto and signed by each party to this Agreement." The Hambricks' argument in Count VII, in effect, seeks to modify or alter the terms of the Agreement by substituting an alleged oral "promise" by Defendant French in place of the procedure for exercise of the option stated in paragraph 5 of the Agreement. This paragraph provides that CRK may exercise its option to purchase the Hambricks' property "by giving written notice of [its] election to do so to [the Hambricks] at the address hereinafter designated." The effect of Plaintiffs' argument in Count VII is to substitute Defendant French's representation in the place of the contractual requirement that exercise of the option be accomplished by a written notice to the Hambricks.

For the foregoing reasons, the undersigned Magistrate Judge finds that the complaint fails to state a claim against Defendant Kaelin and French for which relief can be granted.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss filed on behalf of Defendants Kaelin and French be GRANTED for failure to state a claim upon which relief can be granted and that the complaint against these Defendants be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 30th day of January, 2015.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge